UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESUS ROJAS RODRIGUEZ,

Petitioner,

v. Case No. 3:26-cv-2120-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Jesus Rojas Rodriguez, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition) on August 14, 2026. See generally Petition. Rojas Rodriguez, a citizen of Mexico, was paroled into the United States on October 17, 2019. Id. at 1; Doc. 6-2 at 2. He has a pending asylum application. Petition at 1. On July 1, 2026, United States Immigration and Customs Enforcement (ICE) detained Rojas Rodriguez.[1] Id. The crux of Rojas Rodriguez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 3. As relief,

---

[1] When he filed the Petition, Rojas Rodriguez was housed at the Baker County Detention Facility in MacClenny, Florida. See Petition at 1. However, ICE's online records reflect that he has since been transferred to a detention facility in Colorado. See Online Detainee Locator System, U.S. Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search (last visited Oct. 5, 2026).

he seeks, inter alia, a bond hearing or, alternatively, immediate release. Id. at 4–5.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Rojas Rodriguez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Rojas Rodriguez was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Rojas Rodriguez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either

[2] Because the Court finds that Rojas Rodriguez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after

afford Rojas Rodriguez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Rojas Rodriguez, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Rojas Rodriguez's Emergency Motion for Temporary Restraining Order, Expedited Consideration, and Preliminary Injunctive Relief (Doc. 3) is **DENIED as moot**.

3. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED as moot**.

4. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

---

granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").